IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| TNT PROPANE, INC., T-N-T OF YORK COUNTY, INC., TNT TRUCKING OF THE CAROLINAS, INC., and TM TRUCKING OF THE CAROLINAS, LLC, | ) ) ) ) ) ) ) ) | **JURY TRIAL DEMAND** |
| Defendants. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Pamela Wallace ("Wallace") who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), alleges defendants, TNT Propane, Inc., T-N-T of York County, Inc., TNT Trucking of the Carolinas, Inc., and TM Trucking of the Carolinas, LLC (jointly "Defendants"), subjected Wallace to a sexually hostile work environment because of her sex, female. The Commission further alleges that Wallace was forced to resign from her position with Defendants because of the sexually hostile work environment.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina. This lawsuit is being filed in the Rock Hill Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Rock Hill Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, defendant TNT Propane, Inc. has been a South Carolina corporation, doing business in the state of South Carolina, and the city of Lancaster.

5. At all relevant times, defendant T-N-T of York County, Inc. has been a South Carolina corporation, doing business in the state of South Carolina, and the city of Rock Hill.

6. At all relevant times, defendant TNT Trucking of the Carolinas, Inc. has been a South Carolina corporation, doing business in the state of South Carolina, and the city of Rock Hill.

7. At all relevant times, defendant TM Trucking of the Carolinas, LLC has been a South Carolina corporation, doing business in the state of South Carolina, and the city of Rock Hill.

8. On information and belief, at all relevant times, the four defendants named in this action have operated as an integrated business enterprise, and have collectively had at least 15 employees on a continual basis. Among other things, all four defendants are owned by the same individual and all four defendants share common management and centralized control of labor relations.

9. At all relevant times, all of the four defendants named in this action have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Wallace filed a charge with the Commission alleging violations of Title VII by her former direct

employer, defendant TNT Propane, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

11.     Wallace worked for Defendants at defendant TNT Propane, Inc.'s facility in Lancaster, South Carolina. Wallace was a direct employee of defendant TNT Propane, Inc.

12.     From early 2009 through around March 11, 2011, Defendants engaged in unlawful employment practices at defendant TNT Propane, Inc.'s facility in Lancaster, South Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) as set forth below. Specifically, Wallace was subjected to a sexually hostile work environment because of her sex, female, while working at defendant TNT Propane, Inc.'s Lancaster, South Carolina facility. Wallace ultimately quit her employment (constructive discharge) on or about March 11, 2011 because of the sexually hostile work environment.

13.     The sexually harassing conduct that Wallace was subjected to was perpetrated by Defendants' owner, who is male (hereafter the "Owner"). In or around early 2009, the Owner started making sexual advances to Wallace by asking her for sex. Wallace declined each of the Owner's requests.

14.     The Owner also touched Wallace in a sexually inappropriate manner. Specifically, between early 2009 and March 2011, the Owner touched Wallace's buttocks or breasts more than 50 times. In response, Wallace would back away and tell the owner to "stop" or would say something like "that's sexual harassment." Wallace would try to avoid getting close to the Owner in order to avoid being touched. The Owner's sexual

misconduct toward Wallace occurred several times per month, when the Owner visited defendant TNT Propane, Inc.'s facility in Lancaster, South Carolina.

15. On or about March 10, 2011, the Owner called Wallace into a back room at the Lancaster facility where he groped Wallace's breasts and buttocks. The Owner also grabbed Wallace's hand and placed it on the crotch area of the Owner's pants. Wallace quickly jerked her hand away and ran to the front of the building. The Owner then left the building.

16. The next day, on or about March 11, 2011, the Owner asked Wallace to give him a hug, and attempted to hug Wallace, but Wallace refused. After Wallace rebuffed two more such attempts by the Owner to hug Wallace, the Owner left the facility. After the Owner left the facility, Wallace also left the facility and went home.

17. As a result of the sexual harassment, including the incidents that occurred on or about March 10 and March 11, 2011, Wallace did not return to work for Defendants after March 11, 2011. Wallace resigned her employment by not returning to work.

18. The harassment was severe as it involved the unwanted touching of Wallace's body parts by the Owner. The harassment was also pervasive as it occurred several times per month, when the Owner visited defendant TNT Propane, Inc.'s facility in Lancaster, South Carolina.

19. The harassment was unwelcome to Wallace. Wallace refused each of the Owner's sexual advances toward her and tried to avoid being close enough to the Owner for him to touch her. Wallace also verbally told the Owner to stop touching her.

5

20. Defendants are liable for the sexually hostile work environment because it was created and maintained by Defendants' sole owner, who was also a supervisor in Wallace's chain of command. Defendants are also liable for Wallace's forced resignation that was caused by the sexually hostile work environment.

21. The effect of the practices complained of above has been to deprive Wallace of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

22. The unlawful employment practices complained of above were intentional.

23. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Wallace.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from maintaining a sexually hostile work environment, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make Wallace whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative

relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to reinstatement or front pay.

D.     Order Defendants to make Wallace whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, medical expenses, in amounts to be determined at trial.

E.     Order Defendants to make Wallace whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.     Order Defendants to pay Wallace punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 19th day of February, 2014.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, NW
Washington, D.C.  20507

LYNETTE A. BARNES
Regional Attorney

RANDALL HUGGINS
Supervisory Trial Attorney

s/ Nicholas Walter
NICHOLAS WALTER
Trial Attorney (Fed. Bar No. 9975)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6472
Facsimile: 704.954.6412
Email: Nicholas.Walter@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**